Roebot, J.
 

 The only reason urged for arresting the judgment is, that the warrant does not aver that the liquor was
 
 not for
 
 the owner or manager, as well as that it was sold to the slave without the written permission of the master or manager; because, it is said, it cannot be supposed the Legislature meant to deprive an owner of a slave of a convenient use of him, as is the case, if the owner cannot, on an emergency send his slave, by oral command, for such an article for the owner’s use. The objection is open to several answers. In the first place, the averment that the sale and delivery was to the slave, imports that it was not to, or for, the master; at least, so far as this, that, if the fact had been so, it was open to the party on trial, by evidence, to show that the sale and delivery ivas for the master, and, by consequence not to the slave. But, in the next place, if such evidence had been given, the defense must have failed, under the law, as it stands in ’the Code of 1854, which admits of no such exception to the general prohibition Of trading with slaves for spirituous liquors, as that contained in the previous statutes; Revised Statutes, chap. 34, sec. 75, namely, authorising such sale and delivery
 
 *415
 
 for the owner. That provision was found to open the door to so many evasions and abuses, that in the late Code it was omitted, and the enactment left to stand, generally, that it should be unlawful to sell liquor to a slave, on any consideration whatever, without the permission, in writing, of the owner or manager. So that, now, such a permission, in writing, is the indispensable pre-requisite to excuse such trading with a slave for himself, and the averment in the negative on that point, therefore, completes the description of the offense as it stands in the statute.
 

 . Per Cubiam, Judgment affirmed.